**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTERO MOREYRA-SANCHEZ;
YOMAR SANCHEZ-ROSSELL,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-73984

Agency Nos. A072-682-156
A077-858-404

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2010[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Antero Moreyra-Sanchez and Yomar Sanchez-Rossell, natives and citizens

of Peru, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we review de novo due process claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Moreyra-Sanchez's experiences in Peru did not rise to the level of persecution*, see Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006), and Sanchez-Rossell's experiences did not constitute persecution on a protected ground, *see Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001). Further, substantial evidence supports the agency's conclusion that petitioners failed to establish they have a well-founded fear of future persecution. *See Nahrvani*, 399 F.3d at 1154; *see also Aruta v. INS*, 80 F.3d 1389, 1395-96 (9th Cir. 1996) (record evidence did not compel finding that petitioner's fear of future persecution was objectively reasonable). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to demonstrate eligibility for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal. *See Nahrvani*, 399 F.3d at 1154.

We reject petitioners' claim that the BIA erred by not considering their CAT claim because they did not exhaust it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004); *see also Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (when a petitioner files a brief before the BIA, the petitioner will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA") (internal citations omitted).

Finally, we lack jurisdiction to review the agency's discretionary determination that petitioners failed to establish the requisite hardship for cancellation of removal. *See Martinez-Rosas*, 424 F.3d at 930. Petitioners' contention that the agency deprived them of due process by failing to properly weigh their hardship evidence does not state a colorable due process claim. *See id*. ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**